McGREGOR W. SCOTT
United States Attorney
GRANT B. RABENN
DAVID GAPPA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ERIC LESLIE, <br><br> Defendant. | Case No: 1:19-CR-00010 DAD-BAM <br><br> **MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** <br><br> Date: January 21, 2020 <br> Time: 10:00 a.m. <br> Hon: Dale A. Drozd |

Under Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorneys Grant B. Rabenn and David Gappa, has agreed with defendant Eric Leslie (defendant), and his attorney, Keith J. Scherer, as set forth below. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority.

///

///

1

1. <u>Charges</u>.

The defendant acknowledges that he has been charged in an indictment as follows:

Count One – Conspiracy to Advertise Child Pornography, in violation of Title 18, United States Code, Section 2251(d)(1)(A) and (e);

Count Two – Advertising of Child Pornography, in violation of 18 United States Code, Section 2251(d)(1)(A);

Count Three – Conspiracy to Transport and Distribute Child Pornography, in violation of 18 United States Code, Section 2252(a)(1), (a)(2), and (b)(1);

Count Four – Transportation of Child Pornography, in violation of 18 United States Code, Section 2252(a)(1) and (b)(1);

Count Five – Distribution of Child Pornography, in violation of 18 United States Code, Section 2252(a)(2) and (b)(1);

The indictment also contains a forfeiture allegation under 18 United States Code, Section 2253(a).

2. <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses to the charges, and he has discussed them with his attorney.

The elements of the crime of Conspiracy to Advertise Child Pornography, as alleged in the indictment, are as follows:

| | |
|---|---|
| First, | beginning in or around October 2017, and continuing through in or around December 2018, in the County of Fresno, State and Eastern District of California, and elsewhere, there was an agreement between two or more persons to the commit the crime of Advertisement of Child Pornography; |
| Second, | the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it. |

The element of the crime of Advertisement of Child Pornography, as alleged in the indictment, are as follows:

| | | |
|---|---|---|
| First, | the defendant knowingly made, printed, or published, or caused to be made, printed, or published, a notice or advertisement; |
| Second, | the notice or advertisement sought or offered to receive, exchange, buy, produce, display, distribute, or reproduce any visual depiction, the production of which utilized a minor engaging in sexually explicit conduct; |
| Third, | the visual depiction was of such conduct; |
| Fourth, | the defendant knew or had reason to know that such notice or advertisement would be transported in interstate or foreign commerce by any means including by computer, or that such notice or advertisement was actually transported in interstate or foreign commerce, by any means, including by computer via the Internet. |

The elements of the crime of Distribution of Child Pornography, as alleged in the superseding information, are as follows:

| | | |
|---|---|---|
| First, | the defendant knowingly received or distributed; |
| Second, | any visual depiction that had been mailed, shipped, or transported in interstate or foreign commerce or which had been transmitted using any means or facility of interstate or foreign commerce; |
| Third, | by any means, including by computer; |
| Fourth, | the producing of any such visual depiction(s) involved the use of a minor engaging in sexually explicit conduct; and |
| Fifth, | the visual depiction was of such conduct. |

3. <u>Agreements by the Defendant</u>.

(a)   Defendant agrees that this plea agreement will be filed with the court and become a part of the record of the case.

(b)   Defendant agrees to enter a plea of guilty to Count One of the indictment, charging him with Conspiracy to Advertise Child Pornography, in violation of Title 18, United States Code, Section 2251(d)(1)(A) and (e); and Count Five of the indictment, charging him with Distribution of Child Pornography, in violation of 18 United States Code, Section 2252(a)(2) and (b)(1).

(c) The defendant is aware that Title 18, United States Code, Section 3742 permits a defendant to appeal his plea, conviction, forfeiture order, restitution imposed, or any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily waives his constitutional and statutory rights to appeal his plea, conviction, forfeiture order, restitution imposed, or any sentence imposed, including terms of supervised release. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, sentence (including restitution order and terms of supervised release), or forfeiture order on any ground, including any appeal right conferred by 18 U.S.C. § 3742, except for non-waivable claims. The defendant also agrees not to contest his plea, conviction, sentence (including restitution order and terms of supervised release) and forfeiture order in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or § 2241. The defendant also agrees to waive his right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statute[s] of conviction, and other pretrial motions that have been filed or could be filed. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts included in this agreement is insufficient to support the defendant's plea of guilty.

(d) The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises, or representations have been made to anybody. Nor has any agreement been reached, other than expressly in this plea agreement, to induce the defendant to plead guilty.

(e) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed under this agreement and any charges previously dismissed).

(f) The defendant agrees that the sentencing court will consult the 2018 edition of the United States Sentencing Commissions Guidelines ("USSG"), as promulgated by the Sentencing Commission

under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738 (2005). The court must take them into account when determining a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the court will determine a non-binding and advisory guideline sentencing range for this case under the Sentencing Guidelines. Defendant also understands that the court will consider whether there is a basis for variance from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant also understands that the court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(g) The defendant agrees that one component of an overall reasonable sentence will be a term of supervised release of at least one hundred eighty (180) months, and he will not request a term of supervision of less than 180 months. In addition, he will not move for early termination of whatever term of supervised release the court imposes.

(h) If either of the defendant's convictions to which he is pleading is ever vacated at the defendant's request, the government shall have the right (1) to prosecute the defendant on the count to which he pleaded guilty, (2) and to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to a future prosecution including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(i) The defendant agrees not to move for any downward adjustments in his offense level under Chapter Two, Three, Four, or Five of the Sentencing Guidelines. The defendant understands and agrees that he will not move for a downward departure of his offense level, criminal history category, or

criminal history points as defined by the Sentencing Guidelines, except that the defendant is permitted to argue for what he believes to be an overall reasonable sentence under 18 U.S.C. § 3553(a).

(j) Defendant agrees that his conduct is governed by mandatory restitution under 18 U.S.C. § 2259, <u>Paroline v. United States</u>, 134 S.Ct. 1710 (2014) and <u>United States v. Kennedy</u>, 643 F.3d 1251 (9th Cir. 2011), and agrees to pay any victims the full amount of their losses as ordered by the court and as a result of the defendant's conduct as charged in the information. Defendant agrees that mandatory restitution applies to those victims affected by Count One in the indictment regardless of whether or not the victims are included in the factual basis. The government will give its best estimate of the amount of any restitution that might be claimed at the time of the scheduled change of plea hearing but will advise the court and the defendant immediately of any claims that are filed.

(k) The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep his registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information. He also understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or student not later than three business days after any change in name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations could subject him to prosecution for failure to register as a sex offender under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(l) The defendant agrees that his release pending sentencing is restricted by 18 U.S.C. § 3143(a), and he agrees that he will remain in custody pending the sentencing in his case.

(m) The defendant acknowledges that the indictment contains a forfeiture allegation. The defendant will admit the allegation and not contest the forfeiture of the items listed in the forfeiture allegation in the indictment.

///

6

4. <u>Agreements by the Government.</u>

(a)   The government will recommend a three-level reduction in the computation of the defendant's offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual. The government will also recommend a sentence at the low end of the applicable guideline range.

5. <u>Factual Basis for Guilty Pleas.</u>

The defendant will plead guilty because he is in fact guilty of the crimes set forth in the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> Defendant, beginning on an unknown date but no later than in or around October 2017 and continuing through in or around December 2018, in Fresno County, within the State and Eastern District of California and elsewhere, knowingly conspired and agreed with other individuals to make, print, and publish, and cause to make, print, and publish, a notice or advertisement seeking and offering to receive, exchange, buy, display, distribute, and reproduce, any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct, and the defendant knew and had reason to know that such notice and advertisement would be transported using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce by any means including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer.
>
> Defendant, beginning on an unknown date but no later than in or around October 2017 and continuing through in or around December 2018, in Fresno County, within the State and Eastern District of California and elsewhere, knowingly distributed visual depictions that had been mailed, shipped, or transported in interstate or foreign commerce, or which were produced using materials which had been so mailed, shipped, or transported, and the producing of which involved a minor engaging in sexually explicit conduct and the depiction was of such conduct, specifically: the defendant distributed via a computer and the Internet one or more image files that contained visual depictions, the producing of which involved the use of a minor engaged in sexually explicit conduct, and was of such conduct, as defined in Title 18, United States Code, Section 2256, and which had traveled in interstate commerce all in violation of Title 18, United States Code, Section 2252(a)(2).
>
> Defendant uploaded and published via his computer two sets of images to a website displaying child pornography. The website was administered by an individual or individuals other than defendant. The first image was comprised of nine (9) still shots depicting a minor engaging in sexually explicit conduct. The second image was comprised of fifteen (15) still shots depicting a minor engaging in sexually explicit conduct. Those images were downloaded by law enforcement in Fresno County, State and Eastern District of California.

Further, in or around January 2019, law enforcement executed a search warrant at defendant's residence. During a search of the residence, law enforcement found on defendant's digital devices more than 600 images depicting minors engaging in sexually explicit conduct, and these images included minors engaged in depictions of violence (for example inserting objects into their genital or pubic areas and/or being sexually penetrated by adult males). Some of the images depicted prepubescent minors engaged in sexually explicit conduct within the meaning of 18 U.S.C. § 2256.

6. Potential Penalties.

Defendant understands that because the offense to which he is pleading guilty was committed after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.

The following are the potential penalties that the defendant faces:

**Count One - Conspiracy to Advertise Child Pornography (18 U.S.C. § 2251(d)(1)(A) and (e)):**

(a) Imprisonment.

   Minimum (Mandatory): Fifteen (15) years.
   Maximum: Thirty (30) years.

(b) Fine.

   Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

   Minimum:   Five Years.
   Maximum:   Lifetime (18 U.S.C. 3583(k))

   (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e) Penalty Assessments:

   Mandatory: Five Thousand One Hundred Dollars ($5,100).

**Count Five - Distribution of Child Pornography (18 U.S.C. § 2252(a)(2)):**

(a) Imprisonment.

   Minimum (Mandatory): Five (5) years.
   Maximum: Twenty (20) years.

(b) Fine.

8

Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c)  Both such fine and imprisonment.

(d)  Term of Supervised Release.

> Minimum:   Five Years.
> Maximum:   Lifetime (18 U.S.C. 3583(k))
>
> (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e)  Penalty Assessments:

> Mandatory: Five Thousand One Hundred Dollars ($5100).

7. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)  If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government, and the court all must agree that the trial be conducted by a judge without a jury.

(b)  If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification were shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)  If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, an attorney would be appointed for him by the court at no expense to him.

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8.     <u>Questions by Court</u>.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offenses to which he is pleading guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9.     <u>Entire Agreement</u>.

These pleas of guilty are freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this court will impose.

10.    <u>Court not a Party</u>.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6. In making its sentencing decision, the court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11. <u>Presentence Report</u>.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the court as its independent sentencing recommendation. In addition, the government will fully inform the probation office, as well as the court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

McGREGOR W. SCOTT
United States Attorney

Dated: 1/21/2020   By: /s/ Grant B. Rabenn
GRANT B. RABENN
DAVID GAPPA
Assistant U.S. Attorney

Dated: 21 Jan 20   /s/ Eric Leslie
ERIC LESLIE
Defendant

Dated: 21 Jan 20   /s/ Keith Scherer
KEITH SCHERER
Attorney for Defendant

11